UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
PETER MAKUSI OTEMBA OWUOR
*a.k.a.* PETER MAKUSI OWUOR                        <u>**MEMORANDUM AND ORDER**</u>
*a.k.a.* PETER OWUOR MAKUSI,
                                                        12-CV-4338 (KAM)
          *Pro se* Petitioner,

          -against-

DAVID VIATOR, Warden, South
Louisiana Correctional
Center, *on behalf of* PEOPLE
OF NEW YORK,

          Respondent.
----------------------------X
**MATSUMOTO, United States District Judge:**

          Petitioner Peter Makusi Otemba Owuor ("petitioner"), a

citizen of Kenya, filed the instant petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 in the United States District

Court for the Western District of Louisiana on April 17, 2012 (the

"Petition").  (*See* ECF No. 1, Petition ("Pet.").)  Specifically,

petitioner asserts that his trial counsel was ineffective for failing

to correctly advise petitioner of the deportation consequences of

his guilty plea to Assault in the Second Degree.  (*See* Pet. ¶ 12(a)

(citing *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010)).)  The Petition

was transferred to this court on August 29, 2012, pursuant to 28

U.S.C. § 1406.  Petitioner's request to proceed *in forma pauperis*

is granted solely for the purpose of this Order.  Pursuant to Rule

4 of the Rules Governing Section 2254 Cases, the court has conducted

1

an examination of the Petition and its accompanying exhibits, and, for the reasons set forth below, the court dismisses the Petition for lack of jurisdiction.

## BACKGROUND

Petitioner challenges a state court judgment of conviction entered on February 23, 2004 in Kings County under Indictment No. 175/2003 for Assault in the Second Degree under New York Penal Law § 120.05(6) (the "2004 Conviction"). (Pet. ¶¶ 1-5; ECF No. 1-2, Memorandum of Law in Support of Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("Mem.") at 1-3.) Pursuant to a negotiated plea of guilty, petitioner was sentenced to a six-month term of imprisonment, which constituted "time served," and five years of probation. (*See* Pet. ¶ 3; Mem. at 3.)[1] That sentence has fully expired and petitioner was released from state custody for the 2004 Conviction long before he filed the Petition.

On February 18, 2010, petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents and charged as a deportable alien for, *inter alia*, having overstayed his visa and

---

[1] According to the Petition, petitioner was subsequently re-sentenced to a nine-month term of imprisonment on May 5, 2008 (*see* Pet. ¶ 3), but the resentencing is not mentioned in petitioner's accompanying Memorandum of Law and or the New York Supreme Court's decision summarizing the case history. *See People v. Makusi*, No. 175/2003, 2011 N.Y. Misc. LEXIS 2172 (N.Y. Sup. Ct. Apr. 22, 2011), *leave to appeal denied*, No. 2011-11631, Decision & Order on Application (N.Y. App. Div. 2d Dep't Feb. 22, 2012) (Lott, J.). The nine-month sentence is likely related to one of petitioner's other several convictions. *See id.* at *3 ("Defendant has a significant criminal history including several convictions in Georgia, Alabama, and New Jersey between 1995 and 2008.").

for the 2004 Conviction he is challenging here.  (Pet. ¶ 18; Mem. at 4); *see Makusi*, 2011 N.Y. Misc. LEXIS 2172, at *4 (describing the circumstances surrounding the February 2010 arrest by ICE agents).[2] Although the 2004 conviction was ultimately found not to be a valid ground for his removal, petitioner asserts that the 2004 Conviction "barred him from being considered by the immigration court for various defenses to relief for removal," including asylum.  (Mem. at 4-5; *see also* Pet. ¶ 18.)  On April 15, 2011, an immigration court ordered petitioner removed to Kenya.  (Mem. at 5.)  Petitioner was in the custody of ICE at the South Louisiana Correctional Center in Basile, Louisiana at the time he filed the Petition in April 2012. (*See* Pet. at 1.)

## DISCUSSION

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "This provision 'requir[es] that the habeas petitioner be 'in custody' under the

---

[2]   Petitioner's arrest was not his first encounter with ICE agents. On May 23, 2008, petitioner falsely represented himself as a United States citizen to ICE agents and made several other false statements, resulting in his convictions for falsely representing himself to be a United States citizen, in violation of 18 U.S.C. § 911, and making false statements, in violation of 18 U.S.C. § 1001(a)(2), which were affirmed on appeal.  *See United States v. Owuor*, 397 F. App'x 572 (11th Cir. 2010), *cert denied*, 131 S. Ct. 1522 (Feb. 22, 2011).

conviction or sentence under attack at the time his petition is filed.'" *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer 'in custody' pursuant to that conviction. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001); *see Maleng*, 490 U.S. at 491-92. The collateral consequences of a conviction for which the sentence has fully expired are insufficient to render a petitioner "in custody" under Section 2254(a), *Maleng*, 490 U.S. at 492-93, and the Second Circuit has stated that "[r]emoval proceedings are at best a collateral consequence of conviction . . . ." *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008).

Here, petitioner filed the Petition challenging the 2004 Conviction when he was no longer "in custody" pursuant to that conviction but rather was in ICE custody due to an order of removal. The Second Circuit has explicitly held "that immigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254," even where the immigration detention or order or removal is a direct consequence of the state conviction being challenged. *Id.* at 70, 74-75 (finding that a petitioner was not "in custody" under Section 2254 where his state court sentence

4

consisting of "time served" incarceration and a license suspension had been fully served years before he filed his habeas petition from the place of his immigration detention, where he was in custody pending further action in a removal proceeding); *see also Camara v. New York*, No. 11-CV-8253, 2012 U.S. Dist. LEXIS 112465, at *10-12 (S.D.N.Y. Aug. 9, 2012) (collecting cases dismissing habeas petitions for lack of jurisdiction where petitioners are in immigration detention). The fact that petitioner was initially arrested and placed in ICE custody based in part on a charge related to the 2004 Conviction does not change this result. *See Ogunwomoju*, 512 F.3d at 74-75. Accordingly, because petitioner fails to satisfy the "in custody" requirement of Section 2254(a), this court lacks jurisdiction over the Petition and it is therefore dismissed.[3]

## CONCLUSION

For the reasons set forth above, the Petition is dismissed because this court lacks jurisdiction. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. 28 U.S.C. § 1915(a)(3);

---

[3] Alternatively, the court would likely find that petitioner's claim of ineffective assistance of counsel is meritless for substantially the same reasons as the New York Supreme Court's thorough decision on the same issue. *See Makusi*, 2011 N.Y. Misc. LEXIS 2172.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on the petitioner, note service on the docket, enter a judgment of dismissal, and close the case.

        **SO ORDERED.**

Dated:     September 10, 2012
            Brooklyn, New York

                                    /s/
                            KIYO A. MATSUMOTO
                            United States District Judge
                            Eastern District of New York

6